**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA O'NEILL, on her own behalf
and others similarly situated,

                Plaintiff,

vs.                                Case No. 3:15-cv-126-J-34JRK

SOUTHERN WRECKER AND
RECOVERY, LLC, a Florida Profit
Corporation, and GREG GAYLORD,
individually,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice (Doc. No. 17; "Motion"), filed July 9, 2015, as supplemented by the Joint Motion for Approval of Settlement Agreement (Doc. No. 19; "Supplemental Motion"), filed September 30, 2015. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 3.

The Motion was referred to the undersigned for a report and recommendation on July 10, 2015 in accordance with paragraph six of the Court's FLSA Scheduling Order (Doc. No. 3). Upon review of the Motion and the attached Settlement Agreement, Waiver and Release

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

(Doc. No. 17-1; "Settlement Agreement"), the undersigned identified an issue that required a response from the parties or the submission of a revised agreement before a recommendation could be made regarding the Motion. The Motion, therefore, was taken under advisement and the parties were directed to file a response. See Order (Doc. No. 18), entered September 15, 2015. In response to the September 15, 2015 Order, the parties filed the Supplemental Motion, which attaches an amended Settlement Agreement, Waiver and Release (Doc. No. 19-1; "Amended Settlement Agreement").[2]

On February 3, 2015, Plaintiff brought this action for recovery of overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). Complaint (Doc. No. 1). In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Plaintiff seeks, on behalf of herself and others similarly situated, "to recover from Defendants overtime compensation and unpaid wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of . . . 29 U.S.C. § 216(b)." Compl. at 3. Plaintiff alleges she was employed by Defendants from April 8, 2014 through July 23, 2014. Compl. at 2; Plaintiff's Answers to Court's Interrogatories (Doc. No. 9; "Ct.'s

---

[2] All page numbers in citations to the parties' settlement agreements refer to the page numbers assigned by the Court's Electronic Case Filing System.

Interrogatories"), filed March 16, 2015, at 2. Plaintiff contends that during that time, she worked 62 hours of overtime per week, totaling 930 hours for which she was not compensated. Ct.'s Interrogatories at 2-3. She asserts that her regular rate of pay was $18.92 per hour, making her time-and-one-half pay $28.38 per hour. Id. at 2. Multiplying the 930 hours of alleged unpaid overtime by the time-and-one-half rate of $28.38 equals $26,393.40. Defendants contend that "Plaintiff was exempt from the minimum wage and overtime provisions of the FLSA because she performed work as an executive employee and as an administrative employee thus qualifying for the exemption in 29 U.S.C. § 213(a)(1)." Defendants' Answer and Affirmative Defenses (Doc. No. 7). Defendants agree to pay Plaintiff a total of $2,000 ($524.64 in costs, $600 for attorney's fees, and $875.36 net to Plaintiff). Motion at 2; see Amended Settlement Agreement at 1.

The parties state that "[w]hile the nature of Plaintiff's duties were initially disputed, by good faith investigation of the facts by counsel for both parties, there was sufficient agreement between the parties to establish that the position held by the Plaintiff was, in fact, exempt from the overtime provisions of the Act." Motion at 2. They further state that the parties underwent "considerable negotiation" to resolve this matter and arrive at the settlement amount, which, according to the parties, "reflects the payment of actual costs incurred by" Plaintiff, in addition to "the payment of $600 to Plaintiff's counsel which represents payment of 2.4 hours at $250 per hour, an amount that the parties agree is fair and reasonable." Id. at 2-3. In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, the Court finds that

Plaintiff has not impermissibly waived her statutory rights under the FLSA.[3]  See Lynn's Food Stores, 679 F.2d at 1354.  The Court also finds the attorney's fee award is reasonable.[4]

Upon review of the Motion, the Supplemental Motion, and the remainder of the file, the Court finds that the Amended Settlement Agreement represents "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, 679 F.2d at 1355.  Accordingly, it is

**RECOMMENDED**:

1. That the Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice (Doc. No. 17), as supplemented by the Joint Motion for Approval of Settlement Agreement (Doc. No. 19), be **GRANTED to the extent** that the Court enter an

---

[3] In the September 15, 2015 Order, the undersigned expressed concern with the parties' initial Settlement Agreement because it included a section in which Plaintiff agreed to release Defendants and various related entities from "any claims, rights, charges or cause of action arising under" a laundry list of specific laws. Settlement Agreement, at 1-3. The undersigned noted that "[c]ourts typically disfavor general release clauses in FLSA settlement agreements." Order (Doc. No. 18) (quoting DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted)). The Amended Settlement Agreement omits the general release section and includes, instead, a substantially more limited provision in which Plaintiff agrees to waive "any and every cause of action she has or could have maintained against SOUTHERN WRECKER, including a claim for cost or attorney's fees, in connection with" this particular case. Amended Settlement Agreement at 1. This change sufficiently addresses the undersigned's concerns.

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Order and Stipulated Final Judgment **APPROVING** the parties' Amended Settlement Agreement attached to the Supplemental Motion.[5]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on October 1, 2015.

_____
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[5] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' Settlement Agreement, because Lynn's Food Stores, 679 F.2d at 1355, instructs that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."